IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD NEWTON, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | No. 3:17-CV-1673-B (BT) | |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID, § | | |
|     Respondent. § | | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Newton, a Texas prison, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred this resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b) and Special Order 3-251. Petitioner also filed a motion for preliminary injunction (ECF No. 15) and motion for writ of mandamus (ECF No. 18). For the following reasons, the petition and both of Petitioner's motions should all be denied.

I.

Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to twenty-five years in prison. *State of Texas v. Ronald Everett Newton*, No. F05-00428-T (283rd Jud. Dist. Ct., Dallas County, Tex., Apr. 22, 2005). By this action, Petitioner challenges Respondent's February 23, 2017, decision to deny him access to a rehabilitation program and release to parole. On March 14, 2017, Petitioner filed a state habeas petition challenging these same

1

decisions. *Ex parte Newton*, No. 51,952-13. On June 7, 2017, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On June 20, 2017, Petitioner filed the instant § 2254 petition, in which he argues:

1. "The Board of Pardons and Paroles violated the mandatory intent in Section 508.152 and Section 500.004 [of the Texas Government Code];"

2. "The Board of Pardons and Paroles violated the mandatory intent in department policy;"

3. "The mandatory intent, i.e., [']will, shall, and must['] created a protected liberty interest," where the Board's "voting option called FI-R vote, a department policy, did create a protected liberty interest that an offender 'must' complete an FI-R vote program to satisfy the rehabilitation tier, prior to release on parole;" and

4. The Board and "Rehabilitation Placement Staff breached their obligation" when Newton was deprived of "enrollment and participation in the mandatory FI-R vote treatment program."

On October 10, 2017, Petitioner filed a reply brief arguing that he also has a federally protected liberty interest in attending rehabilitation programs at TDCJ. (ECF No. 12.)

On December 12, 2017, Petitioner filed a motion for preliminary injunctive relief, asking that he be immediately placed in a TDCJ rehabilitation program. (ECF No. 15.) On March 1, 2018, Petitioner filed a motion for writ of mandamus seeking a show cause order on his motion for preliminary injunction. (ECF No. 18.)

II.

**1.     Standard of review**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, provides, in relevant part:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

3

## 2.   Parole and Rehabilitation

Petitioner argues he has a constitutional right to release on parole. Under Texas law, however, a prisoner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (no right to be released on parole in Texas). Petitioner therefore fails to raise a constitutional violation regarding his parole claims.

Petitioner also claims he has a constitutional right to participate in TDCJ rehabilitation programs. Prisoners, however, generally have no constitutionally protected property or liberty interest in participating in rehabilitation programs. *Moody v. Doggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995).

Petitioner claims that mandatory language in TDCJ's Rehabilitation Tier Tracking and Placement Program created a constitutional right to participate in a rehabilitation program. The Rehabilitation Tier Tracking and Placement Program, however, is only available once the Board of Pardons and Parole ("Board") determines that the totality of the circumstances favors the offender's release on parole. *See* Tex. Admin. Code § 145.12(4). Here, the Board did not determine that the totality of the circumstances favored Petitioner's release to parole. Instead, the Board denied Petitioner release to parole and set off his next

4

parole review until February, 2019. (*See* ECF No. 11-2 at 29.)  Petitioner's claim should be denied.

3.  **State Law Claims**

Petitioner argues Respondent's decision to deny him parole and access to TDCJ rehabilitation programs violated Texas Government Code sections 508.152 and 500.004 and TDCJ policy. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See* 28 U.S.C. § 2254(a) (stating the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States."); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Petitioner's challenges to alleged violations of state law and TDCJ policy are not cognizable under § 2254 and should be denied.

4.  **Motions**

Petitioner filed a motion for preliminary injunction and a motion for writ of mandamus. In his motion for preliminary injunction, Petitioner seeks an order that he be immediately placed in the Rehabilitation Tier Tracking and Placement Program. In his motion for mandamus, he seeks an order that the undersigned Magistrate Judge issue a show cause order on his motion for preliminary injunction. As discussed above, Petitioner has no federal right to participate in the Rehabilitation Tier Tracking and Placement Program. His motions should therefore be denied.

5

**5.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III.

For the reasons stated, the Court should DENY the petition for writ of habeas corpus and further DENY Petitioner's motion for preliminary injunction (ECF No. 15) and his motion for writ of mandamus (ECF No. 18).

Signed June 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).